UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

HOUSTON SPECIALTY INSURANCE
COMPANY, a Texas corporation,

Plaintiff,

vs.

OLYMPIC SPORTS AND SPINE, PLLC, a
Washington professional limited liability
company, OLYMPIC SPORTS AND SPINE
REHABILITATION, P.S., a Washington
corporation, and DANIELLE WHEELER, a
Washington individual,

Defendants.

No. 3:26-cv-05250

**HOUSTON SPECIALTY INSURANCE
COMPANY'S COMPLAINT FOR
DECLARATORY RELIEF**

Plaintiff Houston Specialty Insurance Company ("Houston Specialty"), by and through its

undersigned attorneys, for its Complaint for Declaratory Judgment against Olympic Sports and

Spine, PLLC, Olympic Sports and Spine Rehabilitation, P.S. (collectively, "Olympic Sports") and

Danielle Wheeler ("Wheeler"), an individual, states and alleges as follows:

I.  **NATURE OF THE ACTION**

1.      This is a civil action seeking a declaration under 28 U.S.C. § 1332 concerning the

respective rights, duties, and obligations of Houston Specialty, Olympic Sports and Wheeler under

Houston Specialty Medical Facilities and Providers Healthcare Professional Liability policy no.

AH-HS-PL-0000167-02 issued to Olympic Sports and Spine, PLLC effective 6/27/24 to 6/27/25

Houston Specialty Insurance Company's Complaint for Declaratory Relief – 1
Case No.:

CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206)
689-8501

("the Policy").

2.    Houston Specialty agreed to defend Olympic Sports and Spine, PLLC and Olympic Sports and Spine Rehabilitation, P.S. (a governor of Olympic Sports and Spine, PLLC) under the Policy against a lawsuit Wheeler filed against both entities in Pierce County Superior Court, cause no. 25-2-08556-8, *Wheeler v. Olympic Sports and Spine, PLLC, et al.* (the "Underlying Action").

3.    In the Underlying Action, Wheeler alleged that, during a massage appointment she had with Olympic Sports massage therapist Robert Portello ("Portello"), he sexually harassed and/or sexually assaulted her. Underlying Action ¶¶ 3.8, 3.9, 4.2.  Wheeler sued Olympic Sports for Sex Discrimination under the Washington Law Against Discrimination ("WLAD") and for Negligent Training and Supervision of Employees/Agents. *Id. at* ¶¶ 4.1 and 4.4.

4.    The Policy definition of "Sexual Misconduct" includes sexual harassment and sexual assault.[1]

5.    Before Wheeler brought the Underlying Action, Olympic Sports had investigated three complaints by other female massage clients alleging sexual misconduct against Portello.

6.    Due to significant coverage issues, including Olympic Sports' knowledge of prior sexual misconduct complaints alleged against Portello, Houston Specialty agreed to defend Olympic Sports under the Policy under an express reservation of rights, including the right to disclaim coverage based on the Policy's provisions.

7.    With respect to the Underlying Action, Houston Specialty contends the Policy's

---

[1] Policy Coverage D, definition of "sexual misconduct" at (YY):

**Sexual Misconduct** means any alleged welcome or unwelcome conduct, physical acts, gestures or spoken or written words of a sexual nature, including, but without limitation sexual intimacy (even if consensual), sexual molestation, sexual assault, sexual battery, sexual abuse, sexual harassment, sexual exploitation or any sexual act.

Houston Specialty Insurance Company's Complaint for Declaratory Relief – 2
Case No.:

CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

discrimination exclusion precludes coverage for the Sex Discrimination claim brought under WLAD,[2] and that its Sexual Misconduct/Physical Abuse Wrongful Act Coverage exclusion precludes coverage for all claims since Olympic Sports "knew that the person who allegedly committed such Sexual Misconduct Wrongful Act had a prior history of . . . allegedly committing Sexual Misconduct Wrongful Acts."[3]

8.      A justiciable controversy exists between Houston Specialty, on the one hand, and Olympic Sports and Wheeler, on the other, that requires declarations by this Court of the respective rights, duties, and obligations, of all parties to this suit under the Policy for the claims against Olympic Sports in the Underlying Action. Specifically, Houston Specialty seeks declarations that:

- It is not obligated to indemnify Olympic Sports for the WLAD claim due to the Policy's discrimination exclusion;

- It is not obligated to indemnify Olympic Sports for any claims due to the exclusion that applies "with respect to any **Insured** who knew . . . that the person who allegedly committed such **Sexual Misconduct/Physical Abuse Wrongful Act** had a prior history of . . . allegedly committing **Sexual Misconduct/Physical Abuse Wrongful Acts**";[4]

- Because it owes no duty to indemnify Olympic Sports, Houston Specialty also owes no duty to defend Olympic Sports; and

- Olympic Sports and Wheeler each be bound to these declarations.

## II.  THE PARTIES

9.      Houston Specialty is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Houston, Texas.

---

[2] Exclusions applicable to All Insuring Agreements no. F. (9), discrimination.

[3] Coverage D, Sexual Misconduct/Physical Abuse Wrongful Act exclusion (5).

[4] *Id.*

Houston Specialty Insurance Company's Complaint for Declaratory Relief – 3
Case No.:

CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

10. Olympic Sports and Spine, LLC is a Washington professional limited liability company and business resident of the State of Washington located in Pierce County, Washington.

11. Olympic Sports and Spine Rehabilitation, P.S. is a corporation organized and existing under the laws of the State of Washington which operates and has its business headquarters in Pierce County, Washington.

12. Danielle Wheeler is, on information and belief, a Washington resident.

### III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this case under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

14. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this action occurred within the geographic confines of this judicial district.

15. This Court has authority under 28 U.S.C. §2201 to grant the declaratory and other relief requested by Houston Specialty.

### IV. FACTS

**A.     The Underlying Action**

16. On August 21, 2024, Wheeler alleges she went to a therapeutic massage appointment at Olympic, with Portello her assigned massage therapist. (Underlying Action ¶ 3.1)

17. Wheeler alleges that before the massage, she requested Portello massage her left side, left leg and left arm. (*Id.* at ¶ 3.2)

18. Wheeler alleges that during the massage, Portello massaged her buttocks, pressed two fingers through her underwear onto her vulva, and moved his hands from her thigh to her breasts (*Id.* at ¶ 3.3)

CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

19.     Wheeler alleges Portello then moved her onto her side, put his fingers near her anus towards her inner thigh and vulva and pressed with his fingers through her underwear. (*Id.* at ¶ 3.4)

20.     Wheeler alleges Portello moved his hands over her breasts, lifting the sheet to fully expose her and continued grabbing and rubbing her breasts. (*Id.* at ¶ 3.5)

21.     Wheeler alleges Portello tightened his grip on the front of her neck, then grabbed her face and the back of her head, hard. (*Id.* at ¶ 3.6).

22.     Wheeler alleges she left Olympic immediately following the assault. (*Id.* at ¶ 3.7)

23.     Wheeler alleges five days after the assault, Portello left a voicemail apologizing for upsetting her. (*Id.* at ¶ 3.9)

24.     In the Underlying Action, Wheeler sued Olympic for Sex Discrimination under WLAD, alleging sexual harassment and/or sexual assault, and for Negligent Training and Supervision of Employees/Agents. (*Id.* at ¶¶ 4.1, 4.2 and 4.4)

**B.     Prior Sexual Misconduct Complaints Against Portello Olympic Sports Knew About**

25.     On information and belief, on February 17, 2022, a female client of Portello complained that Portello "got a little handsy" and left her breasts exposed during a massage, a complaint reported to Olympic Sports Management, who investigated the complaint.

26.     On information and belief, on April 12, 2023, an anonymous female client complained via her doctor about Portello's inappropriate conduct during a massage, a complaint that was reported to Olympic Sports Management. Olympic Sports' COO characterized the anonymous complaint against Portello as "sexual misconduct" and insisted Olympic investigate.

27.     On information and belief, on March 7, 2024, a female client of Portello complained of his "inappropriate touch" during a massage, alleging that he "came too close to

CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

breast tissue and progressed towards the groin area." This complaint was reported to Olympic Sports Management, including that the complaining client requested she be transferred to an Olympic Sports location somewhere other than where Portello worked.

**C.       The Policy**

28.      Houston Specialty and Olympic Sports are parties to the Policy, the terms, conditions, definitions, limitations, exclusions, and endorsements of which speak for themselves, are incorporated herein by reference.

29.      Certain relevant Policy provisions are cited below:

I. INSURING AGREEMENTS

(A) **Claims Made Professional Liability Insurance:**

The Insurer will pay on behalf of the **Insured** any **Loss** which the **Insured** is legally obligated to pay as a result of a **Claim** to which this insurance applies for a **Professional Services Wrongful Act** . . .  provided, that the **Claim** is first made against the **Insured** during the **Policy Period** . . .

* * *

(F) **Exclusions Applicable to All INSURING AGREEMENTS:**

Except as otherwise expressly provided in this Policy, this Policy does not apply to, and the Insurer will not pay **Loss or Defense Expenses,** for any **Claim, HIPAA Proceeding or Legal Expense Event** based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving, in whole or in part, and regardless of whether any actual or alleged cause or event contributed concurrently, any actual or alleged: . . .

* * *

(9) discrimination of any kind on any basis, including, but not limited to, discrimination, limitation, segregation or classification based on race, sex, marital status, ancestry, physical or mental handicaps, age, sexual orientation, pregnancy, religion or other status that is protected under any applicable federal, state or local statute or ordinance, including any discrimination in the rendering of, or failure to render, **Professional Services . . .**

Houston Specialty Insurance Company's Complaint for Declaratory Relief – 6
Case No.:

CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

* * *

(D) **Claims Made Sexual Misconduct/Physical Abuse Liability Insurance:**

The Insurer will pay on behalf of the **Insured** any **Loss** which the **Insured** is legally obligated to pay as a result of a **Claim** to which this insurance applies for a **Sexual Misconduct/Physical Abuse Wrongful Act** . . . . provided, that the **Claim** is first made against the **Insured** during the **Policy Period** . . . and reported to the Insurer in accordance with GENERAL CONDITION (C) of this Policy . . . .

I. DEFINITIONS

* * *

(YY) **Sexual Misconduct** means any alleged welcome or unwelcome conduct, physical acts, gestures or spoken or written words of a sexual nature, including, but without limitation sexual intimacy (even if consensual), sexual molestation, sexual assault, sexual battery, sexual abuse, sexual harassment, sexual exploitation or any sexual act.

(ZZ) **Sexual Misconduct/Physical Abuse Wrongful Act** means:

a. any **Sexual Misconduct** by an **Insured;**

b. any **Physical Abuse** by an **Insured;**

c. any alleged failure of any **Insured,** or of any person for whom the **Insured** is legally responsible, to prevent or suppress the conduct described in subparagraph (1) or (2) above . . . .

* * *

e. any alleged negligent employment, investigation, supervision, retention, or reporting to the proper authorities (or failing to so report) of any person whose conduct is described in subparagraph (1) or (2) above by an **Insured** . . .

* * *

Coverage D is subject to the following **exclusions**:

[N]o coverage will be available under INSURING AGREEMENT (D), and the Insurer will not pay any **Loss or Defense Expenses,** for any **Claim** based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way

CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

involving, in whole or in part, and regardless of whether any actual or alleged cause or event contributed concurrently, any actual or alleged: . . . .

\* \* \*

(5) **Sexual Misconduct/Physical Abuse Wrongful Act** with respect to any **Insured** who knew about such **Sexual Misconduct/Physical Abuse Wrongful Act** and failed to prevent or stop it or knew that the person who allegedly committed such **Sexual Misconduct/Physical Abuse Wrongful Act** had a prior history of actually or allegedly committing **Sexual Misconduct/Physical Abuse Wrongful Acts.**

## V.  CLAIMS FOR RELIEF

30.     This action is ripe for declaratory judgment under Fed. R. Civ. P. 57 as authorized by 28 U.S.C. §2201, as a final ruling by the Court will determine the rights and obligations of the parties and settle the controversies between them as to these insurance coverage issues.

### Declaratory Judgment – No Duty to Indemnify

31.     Houston Specialty repeats and incorporates the allegations in Paragraphs 1 – 31 as though fully set forth herein.

32.     An actual controversy exists between Houston Specialty, Olympic Sports and Wheeler as to whether Houston Specialty is obligated under the Policy to indemnify Olympic Sports for the claims asserted in the Underlying Action.

33.     Houston Specialty asks this Court to declare the rights, obligations, and liabilities of itself, Olympic Sports and Wheeler. Houston Specialty seeks a judgment, under 28 U.S.C. §2201 and Fed. R. Civ. P. 57 declaring and adjudging that:

a.      Houston Specialty owes no duty to indemnify Olympic Sports for the Sex Discrimination cause of action in the Underlying Action because the Policy's discrimination exclusion applies;

b.      Houston Specialty owes no duty to indemnify Olympic Sports for any causes of action in the Underlying Action

Houston Specialty Insurance Company's Complaint for Declaratory Relief – 8
Case No.:

CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

because Olympic Sports knew before August 21, 2024, the date Wheeler alleges Portello sexually assaulted her, that other female massage clients of Portello had alleged Portello committed sexual misconduct wrongful acts; and

c.    The Court's declarations in this regard apply to Olympic Sports and to Wheeler.

## Declaratory Judgment – No Duty to Defend

34.    Houston Specialty repeats and incorporates the allegations in paragraphs 1 – 34 as though fully set forth herein.

35.    An actual controversy exists between Houston Specialty, Olympic Sports and Wheeler as to whether Houston Specialty is obligated under the Policy to defend Olympic Sports against the claims asserted in the Underlying Action when there is no duty to indemnify.

36.    Houston Specialty asks this Court to declare the rights, obligations, and liabilities of itself, Olympic Sports and Wheeler.  Houston Specialty seeks a judgment, under 28 U.S.C. §2201 and Fed. R. Civ. P. 57 declaring and adjudging that Houston Specialty owes no duty to defend Olympic Sports against the Underlying Action under the Policy because it owes no duty to indemnify Olympic Sports, and that the Court's declaration in this regard apply also to Wheeler.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Houston Specialty demands judgment against Olympic Sports and Wheeler as follows:

1.    Declaring and decreeing in Houston Specialty's favor on the declarations of law contained in paragraphs 34 and 37, above;

2.    Denying Olympic Sports any recovery in this action;

3.    Denying Wheeler any recovery in this action; and

Houston Specialty Insurance Company's Complaint for Declaratory Relief – 9
Case No.:

CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

4.      Ordering such other and further relief as the Court shall deem just and equitable.

DATED this 12th day of March, 2026.

CLYDE & CO US LLP

*s/Stephanie Andersen*
Stephanie Andersen, WSBA 22250
Clyde & Co US LLP
401 Union Street, Suite 1400
Seattle, WA 98101
Telephone: (206) 689-8500
stephanie.andersen@clydeco.com
*Attorneys for Plaintiff Houston Specialty Insurance Company*

Houston Specialty Insurance Company's Complaint for Declaratory Relief – 10
Case No.:

CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501